WILLIAM SOLOMON, plaintiff in error, vs. OSBORNE A. LOCH-
RANE, defendant in error.

The charge of the court on the trial of this case was not so unfair to the
plaintiff in error as to require this court to reverse the judgment re-
fusing a new trial.

Charge of Court. New trial. Before Judge HILL. Bibb
Superior Court. April Term, 1873.

This is the second time this case has been before this court:
*Vide* 38 *Georgia*, 286.

Solomon brought complaint against Lochrane on a note for
$1,000 00, dated October 6th, 1858, and due at sixty days.
The defendant pleaded that at the time of the making and
delivery of said note he also executed to the plaintiff, as col-
lateral security for the payment thereof, a mortgage on a
certain printing office, press and fixtures, of the value of
$5,000 00, located at Griffin. That upon the maturity of
said note, the defendant, in order to raise money to meet the
same, sold said mortgaged property to one Robert A. Craw-
ford, upon the express agreement that he would at once pay
off said note and mortgage; that this was the only portion of
the purchase money which was to be paid in cash; that de-
fendant and Crawford went to the plaintiff, notified him of
the trade, and Crawford not being able to make immediate
payment, all parties agreed to wait for a few days on him;
that notwithstanding this, the plaintiff, without the knowl-
edge or consent of defendant, extended the time of the pay-
ment to be made by said Crawford for the period of four
months, for and in consideration of two and one-half per
cent. per month being paid to him for such extension; that
defendant had notified plaintiff to proceed immediately to
foreclose said mortgage in case Crawford did not pay at the
time originally agreed on; that the mortgaged property was
subsequently destroyed by fire, by which it became lost to the
plaintiff as a security to said note, and to this defendant.
Wherefore, defendant says that the plaintiff is not entitled to

recover from him.  Also, that the plaintiff accepted Crawford as his debtor to the discharge of the defendant.

The evidence is omitted as unnecessary to an understanding of the decision.

The jury found for the defendant.

The plaintiff moved for a new trial because the court erred in repeating to the jury the grounds taken by the defendant's counsel in his argument, (those embraced in the foregoing pleas) and then simply stating, "this is denied by the plaintiff," and in adding: "If you find that the facts, as claimed by the defendant, are established by the testimony, then you will find this issue for the defendant, and you need not, in that event, go into an examination of his other defenses."

The motion was overruled, and plaintiff excepted.

Poe & Hall, for plaintiff in error.

R. F. Lyon; Jackson, Nisbet & Bacon, for defendant.

McCay, Judge.

Under the decision of this court, when this case was before us at a previous term, the verdict of the jury on the second trial turned entirely upon the evidence.  No complaint is made that the judge erred in any principle of law in his charge, or that there were any rulings upon the evidence which the plaintiff in error has a right to complain of.

The point mainly insisted on is that the judge did not put the plaintiff's case fairly to the jury.  That in his charge he brought out prominently the defendant's side of the case, while that of the defendant was left to make its own way to the minds of the jury.  We recognize the principle insisted on, that a judge, in his charge, if he sum up the evidence at all should be very careful to do full justice to both sides.  A judge occupies, to the jury, a position of confidence and respect.  Even in matters of evidence they defer to him, though they may be fully aware that this is their own especial field, and it is the duty of the judge to weigh closely all he says,

so that the case may go to the jury unaffected by any opinion he may have of its merits, so far as the facts are concerned. But after a careful scrutiny of the record we cannot say that Judge Hill, in this case, has violated the rule we have alluded to. It is often difficult to state the principle of law applicable to the facts of a case, without at least a hypothetical allusion to the facts, and whilst, as a general rule, it is proper for a judge to give to a jury, not only the law upon the hypothetical case put, but also the converse of the hypothesis, yet this is not always necessary. A jury is presumed, and generally truly, to be composed of men of ordinary sense, and it is unjust to them, as well as to truth, to suppose them incapable of ordinary discrimination.

In this case the plaintiff's evidence consisted in the main of his note. The defendant set up a state of facts which he contended released him from the obligation to pay it. The judge put the defendant's case, in each of its aspects, to the jury, stating if they believed either of these aspects to be sustained by the evidence they should find for defendant. He did not state the counter-proposition as to each point. But as the plaintiff relied upon his note, the counter-proposition was necessarily true if the hypothesis put was not sustained. We can see nothing in this to mislead a jury of ordinary capacity, and whilst we can conceive of a charge putting the plaintiff's case stronger and the defendant's weaker than the judge did, we do not think the charge is so onesided as to demand, under the evidence, a new trial.

Judgment affirmed.